ELIZABETH EAST, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY of America, Appellant.

*Insurance — neglect of an agent to enter the payment of a premium in a premium receipt book, not a cause of forfeiture.*

A policy of life insurance provided that no payment of premium would be recognized by the company unless made to a duly authorized agent, and by him entered, at the time of payment, in the premium receipt book belonging with the policy.

*Held,* that the entry of payments in the receipt book was in the nature of a receipt to be given by the agent, and that it was not necessary, in order that payments actually made should be effectual, that the agent should make such entry thereof.

APPEAL by the defendant, The Prudential Insurance Company of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 23d day of January, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Dutchess, and also from an order entered in said clerk's office on the 23d day of January, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Fred E. Ackerman,* for the appellant.

*J. Morschauser,* for the respondent.

BRADLEY, J.:

The subject of the action is a contract of insurance of date October 16, 1893, by which the defendant, upon the application of Abram J. Crum, and upon the conditions of the policy, promised to pay to his executors, administrators or assigns, $500 on proof of his death. The consideration of the defendant's undertaking was the agreement of the insured to pay a weekly premium of forty cents in advance every week during the continuance of the policy, and amongst the conditions were those that if the premium should not be called for by an agent of the company on or before the day when due, it should be the duty of the policyholder to bring or send it to the home office of the company within four weeks thereafter; that no payment of premiums would be recognized by the company unless made to a duly authorized agent and by him entered at the time of payment in the premium receipt book belonging with the policy, and that agents were not authorized to waive forfeitures or receive premiums on policies in arrears beyond the term allowed by the regulations of the company, which in no case should exceed four weeks.

The policy was assigned by the insured to the plaintiff, his sister, soon after it was issued. He died July 27, 1895. The only questions presented on this review are, whether or not the entry of pay-

ments of premiums in such receipt book was essential to render them effectual as such, and whether evidence was competent to prove that payments not entered in the book were in fact made to the agent of the defendant.

As represented by the entries in the receipt book, it appears that the weekly premiums were paid up to June 10, 1895, and that forty cents were paid afterwards and on July fifteenth. This, if nothing further appeared, would bring the 'payments to June seventeenth, and thus the policy would have lapsed twelve days before the death of the insured.

The plaintiff gave evidence tending to prove that the weekly premiums were fully paid up to within two weeks of the time of the death of the insured. The testimony of the plaintiff and her daughter was to that effect. And the plaintiff says she did not examine the receipt book to see whether or not the agent inserted the entries of the payments upon it when they were made to him. The agent was unwilling to positively testify that he entered in the book all the payments of premium made to him by the plaintiff. The question whether they had all been paid was submitted to the jury, and the court charged them that if the premiums were not paid according to the terms of the policy and payments were in arrears more than four weeks at the time of the death of Crum, there could be no recovery by the plaintiff, but that if the payment of them was fully made up to within that time and received by the defendant, the plaintiff was entitled to recover. Inasmuch as the evidence was such as to warrant the finding by the jury of the fact that the premiums were actually paid up to within four weeks of the death of the insured, the question whether the agent could waive default in payment by accepting payments subsequently made does not arise, unless the entry by him of payments in the receipt book is necessary to make them effectual. No such question is raised by exception to the charge or otherwise than by motion for direction of verdict for the defendant. The payment was the essential act to be performed by the holder of the policy. The entry in the book was in the nature of a receipt to be given by the defendant's agent, and while it was contemplated by the defendant that this duty would be performed by him and the book furnish the evidence of payments, the omission of the agent to make entries in it of payments actually

made could not prejudice the plaintiff otherwise than as evidence which it was desirable for her to have in support of the fact that they had been made. It would be quite unreasonable to permit the defendant to effectually assert a forfeiture arising solely from the non-observance of a condition by its agent, who may thus have failed to perform his duty. Such is the nature of the defendant's contention in view of the question submitted to the jury, to which charge no exception was taken. There was no error in any ruling on the trial. We think the entries or omission of entries in the book were not necessarily entitled to controlling effect upon the result, and, therefore, the judgment and order should be affirmed.

All concurred.

Judgment and order affirmed, with costs.